UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STEPHEN CASTO, | * | CIVIL ACTION NO. _____ |
|       Plaintiff | * | |
| | * | |
| vs. | * | |
| | * | |
| | * | JUDGE _____ |
| OLDE OAKS GOLF CLUB, L.L.C., | * | |
|       Defendant | * | |
| | * | MAGISTRATE JUDGE _____ |
| | * | |
| | * | **JURY DEMAND** |

**COMPLAINT**

**I. INTRODUCTION**

1. Plaintiff Stephen Casto, an individual with a disability who is a resident of Haughton, Louisiana, brings this action complaining of Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq., (hereafter "the ADA") and Louisiana Commission on Human Rights Act, La. Rev. Stat. § 2231 et seq. (hereafter "the LCHRA"), both of which prohibit discrimination on the basis of disability in places of public accommodation, and La. Civ. Code art. 1986.  Defendant owns and operates a golf course in Haughton, Louisiana. Defendant's programs and services are not accessible to persons with disabilities. Further, after Plaintiff filed a complaint with the United States Department of Justice regarding the inaccessibility of Defendant's golf course, Defendant retaliated against him by refusing to allow him to use the golf course.  Plaintiff seeks a declaratory judgment that Defendant is in violation of these statutes; a permanent injunction ordering that they come into compliance; damages associated with Defendant's violations of the law; and attorneys' fees and costs.

## II. PARTIES

2. Plaintiff Stephen Casto is a qualified individual with a disability, as that term is used and defined in the ADA and the LCHRA. He is a resident of Haughton, Louisiana.

3. Defendant Olde Oaks Golf Club, L.L.C., is a limited liability company domiciled in Louisiana. Defendant owns and operates the Olde Oaks Golf Course located in Haughton, Louisiana.

4. Olde Oaks Golf Course is a place of public accommodation as that term is used and defined in Title III of the ADA, 42 U.S.C. § 12181(7)(L), and the regulations implementing the ADA, 28 C.F.R. § 36.104. Olde Oaks Golf Course ("Olde Oaks") is a place of public accommodation, resort, or amusement, as that term is used and defined in the LCHRA, La. Rev. Stat. §51:2232(9).

5. On information and belief, Defendant Olde Oaks Golf Club, L.L.C., has owned and operated Olde Oaks Golf Course since 2013. Defendant additionally manages the homeowner's association affiliated with the golf course and its surrounding homes.

## III. JURISDICTION AND VENUE

6. This court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the ADA, a federal statute. This court has supplemental jurisdiction over the claims in this action brought under Louisiana state law pursuant to 28 U.S.C. § 1367(a).

7. Venue is appropriate in this district pursuant to 28 U.S.C. §1391(b)(2) since all of the events that give rise to this Complaint occurred in this district.

## IV. FACTS

8.  Plaintiff Stephen Casto is a 67-year-old veteran of the United States Air Force. After devoting twenty-three years to service in the Air Force, Mr. Casto retired. He currently lives in Haughton, Louisiana.

9.  Due to service-related injuries, the United States Veterans Affairs Administration determined that Mr. Casto is eighty percent disabled.

10. Mr. Casto's disabilities have included, over the past number of years, mobility impairments related to conditions in his knees and back. Mr. Casto underwent a knee replacement in on his left knee in June 2013 and replacement of his right knee on January 14, 2015. The Plaintiff additionally has fused vertebrae in his lower back. Due to these impairments, the Plaintiff has difficulty walking long distances, negotiating steps and uneven walking terrain, and maintaining his balance.

11. Olde Oaks Golf Course is open to the public. It provides membership packages, as well as allowing golfers to pay daily rates for access to the course. Among its facilities are a pro-shop, restaurant, and bar, all of which, on information and belief, are open to the public regardless of whether a person has a membership or paid a daily fee.

12. In 2005, Plaintiff and his wife purchased a lot along the Olde Oaks Golf Course in Haughton, Louisiana and built a house.

13. Plaintiff is an avid golfer, and proximity of his house to the golf course was a principal motivation in his decision to move to his current residence.

14. Over the course of the next several years, Plaintiff repeatedly complained to staff and managers at Olde Oaks regarding various barriers to accessibility in the facilities at the golf course.

15. In addition, Plaintiff repeatedly asked that he be permitted, as a reasonable accommodation for his disability, to be allowed to drive his golf cart off the cart path and onto the fairway, in order to limit the amount of walking he had to do in order to complete a round of golf.

16. Despite assurances that the barriers would be addressed and that Plaintiff would be allowed his reasonable accommodation request, no steps were taken to address the problems, and Plaintiff was continually harassed by Olde Oaks employees about driving his cart on the fairway.

17. On March 8, 2013, Defendant filed an administrative complaint with the United States Department of Justice ("2013 Complaint"), complaining that the course had barriers to accessibility in violation of the ADA.

18. The 2013 Complaint alleged that Olde Oaks had an insufficient number of accessible parking spaces, improperly labeled accessible parking spaces, inaccessible on-course bathrooms, inaccessible locker room and shower facilities, and inaccessible entries and exits to the greens. Plaintiff also noted in the 2013 Complaint that he had had problems in the past with being allowed to drive off the cart path as a reasonable accommodation, allowing him to access the greens and tee boxes without walking significant distances, but at the time of the filing that issue seemed to be resolved.

19. The U.S. Department of Justice referred the 2013 Complaint to mediation, conducted by Key Bridge Foundation.

4

20.     Over the course of the processing and mediation of Plaintiff's complaint, Defendant employees resumed their refusal to allow Plaintiff the accommodation of driving his golf cart onto the fairway.

21.     February 28, 2014, Plaintiff and Defendant entered into an agreement (hereafter "the 2014 Agreement") to resolve the 2013 Complaint, whereby Defendant agreed to:

> (a) Bring on-course restrooms into compliance with the ADA, including provision of accessible paths and such modifications as grab bars, door handles, threshold height, and door closures, with an initial restroom to be completed by 11/28/14, and later modifications completed by 5/28/15;
>
> (b) When and if the club locker room and showers became open to the public, modify the club locker room and showers into compliance with the ADA;
>
> (c) Bring the parking area into compliance with the ADA by 5/28/14;
>
> (d) Ensure access to tee boxes would be compliant with the ADA; and
>
> (e) Permit golfers with disabilities to drive off the cart path as necessary to approach the green, except in certain extreme weather conditions.

22.     Under the 2014 Agreement, Mr. Casto was to monitor the progress of the modifications and report to the mediator when the items had been completed to his satisfaction.

23.     In December 2014, Plaintiff's annual membership to the Olde Oaks Golf Club required renewal. As he was scheduled to have knee replacement surgery the following month, and because he knew he would be unable to play golf during his rehabilitation, Plaintiff did not renew his annual membership at that time.

24. On January 29, 2015, Plaintiff was at Olde Oaks and stopped to speak to a friend who was playing golf. A few minutes into the conversation with his friend, an Olde Oaks employee named Miguel approached Plaintiff, told him to leave, and threatened to call the police. Plaintiff asked why he had to leave, as he had not done anything wrong or caused a disturbance of any kind. Plaintiff went to the Olde Oaks bar. Presently a Bossier Parish Sheriff's deputy arrived and instructed Plaintiff that, because Olde Oaks management wanted him to leave, he had to do so. Plaintiff thereupon left the premises.

25. On August 6, 2015, Plaintiff returned to Olde Oaks. His purpose was two-fold: first, he needed to discuss a matter with John Attaway, the General Manager of Olde Oaks, related to the homeowner's association; second, he attempted to pay a daily green fee in order to play golf at Olde Oaks. Defendant employee Hank Borne informed Plaintiff that he had been banned from the golf course "because of his actions." Mr. Borne then called the Bossier Parish Sheriff's office to have Plaintiff removed from the premises. The same deputy arrived. After discussing the matter with the deputy, Plaintiff left the premises.

26. As of January 2015, Olde Oaks had failed to bring the first on-course bathroom into compliance with the ADA, and Mr. Casto continued to experience problems with the staff attempting to prohibit him from driving off the cart path during clear weather, limiting his access to the greens and tee boxes.

27. Because he was instructed to leave the premises on January 29, 2015, Mr. Casto has been unable to continue monitoring progress of the other ADA modifications required under the 2014 Agreement.

28. As a result of Defendant's actions, Plaintiff has suffered humiliation, distress, mental anguish, and alienation from his community. In addition, because Plaintiff has not been permitted to use the Olde Oaks Golf Course since January 29, 2015, he has incurred out-of-pocket expenses associated with driving to another golf course, significantly further from his house, several times a week.

29. Plaintiff requests trial by jury on these matters.

## V. CAUSES OF ACTION

### A. AMERICANS WITH DISABILITIES ACT

30. Plaintiff realleges and incorporates each and every foregoing paragraph.

31. Defendant subjected Plaintiff to discrimination based on his disability by denying his the full and equal enjoyment of its goods and services in violation of the ADA, 42 U.S.C. § 12182(a) and 28 C.F.R. § 36.201(a).

32. By failing to modify its facilities to remove barriers to accessibility, Defendant denied Plaintiff the opportunity to participate in or benefit from its goods, services, facilities, privileges, advantages, or accommodations in violation of the ADA, 42 U.S.C. § 12182(b)(2)(A)(iv); 28 C.F.R. § 36.304.

33. By failing to provide him with the reasonable accommodation of allowing him to drive off the cart path in order to limit his walking, Defendant violated the ADA, 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.302(a).

34. By refusing to allow Plaintiff to play golf or otherwise use its facilities, Defendant has retaliated against Plaintiff because of his filing of a complaint and pursuit of his rights, in violation of the ADA, 42 U.S.C. § 12203(a); 28 C.F.R. § 36.206.

35. Defendant's actions and failures to act, described above, have violated, and continue to violate, the Americans with Disabilities Act, as amended.

B. **LOUISIANA COMMISSION ON HUMAN RIGHTS ACT**

36. Plaintiff re-alleges and incorporates each foregoing paragraph.

37. By failing to remove barriers to accessibility and refusing to allow Plaintiff to drive his golf cart off the cart path in order to limit his walking, Defendant has denied Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, resort, or amusement, on the basis of Plaintiff's disability, in violation of the LCHRA, La. Rev. Stat. § 51:2247.

38. By refusing to allow Plaintiff to play golf or otherwise use its facilities, Defendant has retaliated against Plaintiff because of his filing of a complaint and pursuit of his rights, in violation of the LCHRA, La. Rev. Stat. § 51:2256.

C. **2014 RESOLUTION AGREEMENT**

39. Plaintiff re-alleges and incorporates each foregoing paragraph.

40. Defendant failed to meet its obligations under the 2014 Resolution Agreement by failing to make its on-course bathrooms accessible to people with disabilities, and by refusing to allow the Plaintiff, as a reasonable accommodation, to drive, conditions permitting, off the golf cart path.

41. As a party to and the obligee of the 2014 Resolution Agreement, Plaintiff is entitled to all rights conferred on him by La. Civ. Code art. 1986.

## INJUNCTIVE RELIEF

42. Because Plaintiff will continue to experience unlawful discrimination as a result of Defendant's failure to comply with the ADA and the LCHRA, injunctive relief is necessary in order to require Defendant to provide programs and services that are accessible to him.

43. There are reasonable grounds to believe that Defendant will continue to engage in acts and practices prohibited by these statutes.

44. Plaintiff is further entitled to specific performance of the 2014 Resolution Agreement.

## DECLARATORY RELIEF

45. Plaintiff is also entitled to a declaratory judgment concerning each of Defendant's statutory violations and specifying the rights of Plaintiff as to Defendant's programs, activities, and services.

## DAMAGES

46. Pursuant to the LCHRA, La. Rev. Stat. § 51:2264, Plaintiff is entitled to damages to compensate him for the pain and suffering, mental anguish, emotional distress, humiliation, alienation, and isolation he suffered, and out-of-pocket expenses he incurred as a result of not being able to participate fully in the activities of carried on at Olde Oaks, or to take full advantage of its programs, in the same manner as customers without disabilities.

## ATTORNEYS' FEES AND COSTS

47. In order to enforce his rights under the ADA and the LCHRA Plaintiff has had to retain counsel and is therefore entitled to recover attorney fees, costs, and expenses.

## PRAYER FOR RELIEF

48. Therefore, Plaintiff requests that the Court:

A. Issue a permanent injunction, requiring Defendant, its agents, servants, and employees, and all persons in active concert with Defendant, in the course of its operation of Olde Oaks Golf Course, to institute remove all barriers to accessibility that exist at the Olde Oaks Golf Course.

B. Issue a permanent injunction prohibiting Defendant from retaliating against Plaintiff, and requiring that Defendant allows Plaintiff access to its goods, programs, services, facilities, privileges, advantages, and accommodations in the manner of other customers.

C. Issue a permanent injunction ordering Defendant to perform its obligations under the 2014 Resolution Agreement.

D. Enter a declaratory judgment, specifying Defendant's statutory violations and declaring the rights of the Plaintiff as to the Defendant's goods, services, programs, facilities, privileges, advantages, and accommodations.

E. Find that Plaintiff is the prevailing party in this case and award damages, along with any attorney fees, costs, and expenses; and

F. Order such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Date: January 11, 2016

Respectfully submitted,

     s/ Susan Meyers
Susan Meyers, T.A., La. Bar No. 29346
Advocacy Center
8325 Oak Street
New Orleans, Louisiana 70118
Telephone: 504-522-2337, ext. 138
Facsimile: 504-522-5507
smeyers@advocacyla.org

Nell Hahn, La. Bar No. 22406
Advocacy Center
600 Jefferson St., Suite 812
Lafayette, LA 70501
Telephone: 337-237-7380, ext. 311
Facsimile: 337-237-0486
nhahn@advocacyla.org

ATTORNEYS FOR PLAINTIFF